# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50999

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 7, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| THOMAS AARON WARREN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and concurrent, unified sentences of twenty-five years, with minimum periods of confinement of five years, for two counts of intimidating, impeding, influencing or preventing attendance of a witness and being a persistent violator, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

    Thomas Aaron Warren was found guilty of two counts of intimidating, impeding influencing, or preventing the attendance of a witness. I.C. § 19-2513. Warren also admitted to being a persistent violator. I.C. § 19-2415. The district court sentenced Warren to concurrent, unified terms of twenty-five years, with minimum periods of confinement of five years, to be

1

served concurrently with other unrelated sentences. Warren appeals, arguing that his sentences are excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Warren's judgment of conviction and sentences are affirmed.

---

[1] Warren was also found guilty of and sentenced for other misdemeanor convictions. However, these sentences are not challenged on appeal.